509 S.E.2d 261

**In the Interest of VINCENT J., a minor under the age of seventeen, Appellant.**

No. 24854.

Supreme Court of South Carolina.

Heard Sept. 22, 1998.
Decided Nov. 16, 1998.

Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert Deloach, III, all of Columbia; and Solicitor Walter L. Bailey, Jr., of Summerville, for respondent.

BURNETT, Justice:

This is an appeal from a sentence imposed by a family court judge in a juvenile criminal contempt proceeding. We affirm.

## FACTS

The appellant, Vincent J., pled guilty to two counts of malicious injury to personal property and was sentenced to probation with a condition of alternative placement. Appellant was informed by the judge that he could be held in contempt of court if he violated the conditions of his probation.

On December 15, 1997, a contempt hearing was held and appellant pled guilty to violating certain provisions of the previous sentencing order, including being terminated from the New Directions program (alternative placement). The judge ordered appellant committed to the Department of Juvenile Justice (DJJ) for 180 days, suspended upon the service of 178 days.

Appellant filed a motion to reconsider the order of commitment based on the alleged illegality of sentencing a juvenile to more than a ninety day determinate sentence. In an order issued on January 6, 1998, the judge denied this motion finding the family court has the inherent power to imprison a juvenile criminal contemnor for a period of 180 days.

On March 4, 1998, appellant sought supersedeas from this Court. Chief Judge Howell, of the Court of Appeals, granted supersedeas and remanded the matter to the family court for reimposition of conditions of probation. On March 16, 1998, the family court sentenced appellant to an additional

ninety days of DJJ placement and an additional twenty-four months of probation.[1]

## ISSUE

Does S.C.Code Ann. § 20–7–7810(B) (Supp.1997) prevent a family court judge from committing a juvenile criminal contemnor to a determinate sentence of more than ninety days?

## DISCUSSION

Appellant claims § 20–7–7810(B) [2] prevents the family court from enforcing its orders by sentencing a juvenile contemnor to commitment to the custody of DJJ for a determinate sentence of more than ninety days. We disagree.

The primary function of the Court in interpreting a statute is to ascertain the intention of the legislature. *Wright v. Colleton County School District,* 301 S.C. 282, 391 S.E.2d 564 (1990). Under the plain meaning rule, it is not the Court's place to change the meaning of a clear and unambiguous statute. *See Paschal v. State Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995) (if a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the Court has no right to impose another meaning); *Gilstrap v. South Carolina Budget and Control Bd.,* 310 S.C. 210, 423 S.E.2d 101 (1992) (in construing a statute, the Court must give clear and unambiguous terms their plain and ordinary meaning

---

1. Although appellant has served the confinement part of his sentence, this case is not moot because this is a situation that is capable of repetition yet evading review. *Byrd v. Irmo High School,* 321 S.C. 426, 468 S.E.2d 861 (1996); *In the Interest of Darlene C.,* 278 S.C. 664, 301 S.E.2d 136 (1983).

2. Appellant attempts to classify himself as a status offender because S.C.Code Ann. § 20–7–7810(F) (Supp.1997) expressly restricts a family court's authority to sanction a status offender contemnor. A family court cannot commit this type of contemnor to more than 90 days of confinement. *Id.* A status offender is a juvenile who commits an offense that would not be a crime if committed by an adult. *See* S.C.Code Ann. § 20–7–30(6) (1976). However, since appellant was previously adjudicated a delinquent and not a status offender, § 20–7–7810(F) does not apply.

without resorting to subtle or forced construction to limit or expand the statute's operation).

■ Prior to July 1, 1996, the family court could sentence a juvenile in the following manner:

All commitments to the custody of the Department of Juvenile Justice for *delinquency* as opposed to the conviction of a specific crime may be made only for the reasons and in the manner prescribed . . . , with evaluations made and proceedings conducted only by the judges authorized to order commitments in this section. When a child is committed to the custody of the department *under the proceedings,* commitments must be for an indeterminate sentence, not extending beyond the twenty-first birthday of the child unless sooner released by the department.

Act No. 83, § 20, 1995 S.C.Acts 569, *amending* S.C.Code Ann. § 20–7–2170(D) (1985) (emphasis added).

This restriction on commitment did not apply to contempt proceedings because the provision related only to initial delinquency proceedings. Thus, the family court's inherent power to hold a juvenile in criminal contempt and to sanction the contemnor by committing him to the custody of DJJ for a determinate period of 180 days was not restricted by this statutory provision.

On July 1, 1996, § 20–7–2170(D) was repealed and recodified as § 20–7–7810(B) and amended to read as follows:

All commitments to the custody of the Department of Juvenile Justice for delinquency as opposed to the conviction of a specific crime may be made only for the reasons and in the manner prescribed . . . , with evaluations made and proceedings conducted only by the judges authorized to order commitments in this section. *When a child is committed to the custody of the department,* commitment must be for an indeterminate sentence not extending beyond the twenty-first birthday of the child unless sooner released by the department, *or for a determinate commitment sentence not to exceed ninety days.*

S.C.Code Ann. § 20–7–7810(B) (Supp.1997) (emphasis added). This amendment deleted the reference to "under the proceed-

ings" and added the ninety day determinate sentence limitation.

Appellant argues because the legislature deleted the "under the proceedings" language, it intended for this sentencing limitation to apply to all juvenile proceedings, including contempt proceedings. Thus, according to appellant, the amended statute limits the judge's ability to commit a delinquent juvenile contemnor to the custody of DJJ for a determinate period more than ninety days.[3]

We disagree. In our opinion, the deletion of the language "under the proceedings" does not expand the scope of this statutory provision to include all juvenile proceedings. We find this provision refers only to delinquency proceedings since this provision is part of a paragraph which deals with commitments for delinquency. In recodifying this paragraph, the legislature simply eliminated unnecessary language. It did not alter the meaning of this paragraph. Thus, this section does not restrict the sanctions available to a family court under its inherent contempt power.

Our interpretation is further supported by the fact the legislature specifically limits the available sanctions for a status offender contemnor. S.C.Code Ann. § 20–7–7810(F) (Supp.1997).

Section 20–7–7810(B) does not limit a family court's power to commit a delinquent juvenile contemnor to the custody of DJJ for a period of time exceeding 90 days; therefore, we uphold appellant's sentence.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.

---

3. Because an indeterminate sentence might result in a sentence that is more than 180 days, the family court cannot sentence a contemnor to imprisonment for an indeterminate amount of time. A jury trial is required to sentence a contemnor to more than 180 days (6 months) of imprisonment and the family court does not conduct jury trials. *See Poston v. Poston*, 331 S.C. 106, 502 S.E.2d 86 (1998); S.C.Code Ann. § 20–7–755 (Supp.1997).