520 S.E.2d 807

**In the Interest of TONISHA G., a minor under the age of seventeen (17), Appellant.**

**No. 24998.**

Supreme Court of South Carolina.

Heard June 22, 1999.
Decided Sept. 7, 1999.

---

Assistant Appellate Defender Tara S. Taggart, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert Deloach, III, all of Columbia; and Solicitor Walter L. Bailey, Jr., of Summerville, for respondent.

FINNEY, Chief Justice:

Tonisha G. appeals her sentence of six months suspended upon the service of one hundred fifty (150) days and one (1) year probation. We vacate the portion of the sentence which exceeds ninety (90) days.

## FACTS

Tonisha G. (appellant) was originally found to be truant for violating S.C.Code Ann. § 59–65–10, placed on probation and ordered to cooperate for placement at Florence Crittendon until the birth of her child. Appellant missed two pre-placement interviews for Florence Crittendon, and the Rule to Show Cause was issued. On April 21, 1998, appellant was before the family court judge for contempt proceedings.

Appellant pled guilty to the contempt charges, and the family court judge sentenced appellant to six (6) months suspended upon the service of one hundred fifty (150) days and one (1) year probation. Appellant filed a motion to reconsider based on the alleged illegality of the sentence. The judge denied this motion.

## ISSUE

Did the family court err in sentencing a juvenile status offender contemnor to a sentence greater than the ninety (90) days allowed by statute?

## DISCUSSION

S.C.Code Ann. § 20–7–7810(F) (Supp.1998) provides:

[A] child who is guilty of a violation of law or other misconduct which would not be a criminal offense if committed by an adult, a child who has been found in contempt of court for violation of a court order related to a violation of law or other misconduct which would not be a criminal offense if committed by an adult, or a child who violates the conditions of probation for a violation of law or other misconduct which would not be a criminal offense if committed by an adult may be committed to the custody of a correctional institution operated by the Department of Juvenile Justice or to secure evaluation centers operated by the department **for a determinate period not to exceed ninety days** . . . . (emphasis added).

Appellant contends that § 20–7–7810(F) restricts a trial judge from sentencing a status offender contemnor to more than a ninety-day sentence. We agree.

A status offense is one which, if committed by an adult would not be a crime. S.C.Code Ann. § 20–7–30(6) (Supp. 1998). Truancy is specifically listed. *Id.*

This Court has stated that the primary function of the court in interpreting a statute is to ascertain the intention of the legislature. *In the Interest of Vincent J.*, 333 S.C. 233, 509 S.E.2d 261 (1998). It is not the Court's place to change the meaning of a clear and unambiguous statute. *Id.* Section 20–7–7810(F) expressly restricts a family court's authority to sanction a status offender contemnor. *Id.* We find that the legislative mandate that a status offender contemnor be committed to the custody of Department of Juvenile Justice or to a secure evaluation center operated by the department for a determinate period not to exceed ninety (90) days to be reasonable.

The family court judge erred in sentencing appellant to more than ninety (90) days. Thus, Tonisha's sentence of six (6) months suspended upon the service of one hundred fifty (150) days and one (1) year probation exceeds the maximum sentence for status offenders; therefore, the portion which exceeds ninety (90) days is hereby vacated.

For the foregoing reasons, Tonisha's sentence is

**AFFIRMED IN PART; VACATED IN PART.**

TOAL, MOORE, WALLER, and BURNETT, JJ., concur.