530 S.E.2d 887

**John Wesley KNOX, Petitioner/respondent,**

v.

**STATE of South Carolina, Respondent/petitioner.**

No. 25114.

Supreme Court of South Carolina.

Submitted March 22, 2000.

Decided April 24, 2000.

Aileen P. Clare, Office of Appellate Defense, of Columbia, for petitioner/respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, all of Columbia, for respondent/petitioner.

MOORE, Justice:

Petitioner/respondent Knox pled guilty to first degree burglary, petty larceny, and a charge of assault and battery of a high and aggravated nature (ABHAN) arising from a separate incident.[1] Knox subsequently commenced this action for post-conviction relief (PCR) which was granted in part. We now vacate Knox's plea to ABHAN for lack of subject matter jurisdiction and reverse the grant of PCR on the burglary charge.

---

1. The trial judge sentenced Knox to concurrent terms of fifteen years for burglary, thirty days for petty larceny, and ten years for ABHAN.

## ISSUES

1. Is ABHAN a lesser included offense of second degree lynching?

2. Is there evidence to support the grant of PCR?

## DISCUSSION

### 1. ABHAN as lesser included offense

██ Knox was indicted for second degree lynching for beating the victim with a stick in concert with two others. He pled guilty to ABHAN. He now contends ABHAN is not a lesser included offense of second degree lynching and therefore the trial court had no jurisdiction to accept the plea. We agree.

██ Subject matter jurisdiction may be raised at any time. *Johnson v. State,* 319 S.C. 62, 459 S.E.2d 840 (1995). The trial court lacks subject matter jurisdiction to accept a plea unless: (1) there is an indictment that sufficiently states the offense, (2) the defendant has waived indictment, or (3) the plea is to a lesser included offense of the crime charged in the indictment. *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998); *Browning v. State,* 320 S.C. 366, 465 S.E.2d 358 (1995). The test for determining when a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense. *Id.* ABHAN is therefore a lesser included offense of second degree lynching only if second degree lynching contains all the elements of ABHAN.

Second degree lynching is defined as "any act of violence inflicted by a mob upon the body of another person and from which death does not result." S.C.Code Ann. § 16-3-220 (1985). A mob is "the assemblage of two or more persons, without color or authority of law, for the premeditated purpose and with the premeditated intent of committing an act of violence upon the person of another." S.C.Code Ann. § 16-3-230 (1985).

██ ABHAN is an unlawful act of violent injury to another person accompanied by circumstances of aggravation. *State v. Easler,* 327 S.C. 121, 489 S.E.2d 617 (1997). "Circumstances

of aggravation" is an element of ABHAN not included in second degree lynching.

The State argues, however, that second degree lynching does include two circumstances of aggravation that may establish ABHAN, the intent to commit a felony or the infliction of serious injury. *See State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990).[2] This argument is without merit. A lesser offense is included in the greater only if each of its elements is *always* a necessary element of the greater offense. *State v. Easler, supra.* Since there are other circumstances of aggravation to establish ABHAN that are not included in the definition of second degree lynching, ABHAN is not a lesser included offense. *Id.* Accordingly, the trial court had no subject matter jurisdiction to accept Knox's plea to ABHAN.

### 2. Prejudice to support grant of PCR

The State cross-appeals the grant of PCR on the burglary charge. We agree relief was improperly granted.

A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Moorehead v. State*, 329 S.C. 329, 496 S.E.2d 415 (1998). On appeal, if there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Foye v. State*, 335 S.C. 586, 518 S.E.2d 265 (1999); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

The PCR judge found counsel was ineffective because she failed to advise Knox that he would not be eligible for parole until he had served 85% of the fifteen-year sentence on this charge. Unless counsel gives *erroneous* parole advice, however, parole information is not a ground for collateral attack of a guilty plea. *Smith v. State*, 329 S.C. 280, 494

---

**2.** The State also argues that the requirement of two or more persons for second degree lynching may be considered "a disparity in size or strength," another circumstance of aggravation for ABHAN. There is no authority, however, for combining multiple perpetrators to satisfy this element.

S.E.2d 626 (1997). Counsel is not ineffective for failing to advise a defendant regarding parole eligibility because it is a collateral consequence of sentencing. *Id.* In this case, counsel testified she never discussed parole with Knox. This testimony is uncontested. Moreover, there is no evidence Knox would not have pled guilty but for counsel's failure to advise him regarding parole.

Further, the PCR judge found counsel was ineffective for failing to advise Knox that the minimum sentence he could receive for first degree burglary was fifteen years. S.C.Code Ann. § 16–11–311(B) (Supp.1998). Counsel admitted she did not tell Knox he would receive a minimum sentence of fifteen years for the burglary charge. She told him the agreement with the Solicitor's office was that he would receive a *maximum* of fifteen years for all three charges. Knox testified he understood he could get less than fifteen years and he would not have pled guilty had he known he could not.

A defendant must be advised of a mandatory punishment for the offense to which he is pleading. *State v. Hazel,* 275 S.C. 392, 271 S.E.2d 602 (1980). Despite counsel's failure to advise Knox regarding the mandatory minimum sentence, however, the trial judge did properly advise him at the plea hearing, thereby curing any misconception. *Moorehead v. State, supra.* Further, there is no evidence to support the PCR judge's conclusion that the trial judge "never allowed [Knox] the opportunity to rescind his guilty plea once he explained the actual sentence." We find no evidence of prejudice to support the grant of PCR on this issue.

## CONCLUSION

Knox's plea to ABHAN is **VACATED** and the grant of PCR on the burglary charge is **REVERSED**.

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.