562 S.E.2d 475

**Freddie JACKSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25443.**

Supreme Court of South Carolina.

Submitted Feb. 21, 2002.

Decided April 8, 2002.

Aileen P. Clare, of the Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General W. Bryan Dukes, all of Columbia, for respondent.

PER CURIAM:

We granted certiorari to determine whether participation in a "community supervision program" (Program) as defined in S.C.Code Ann. § 24–13–100 (Supp.2001) is a collateral consequence of sentencing. We hold that it is, and therefore affirm the post-conviction relief (PCR) judge's order denying petitioner relief.

Petitioner pled guilty to second degree criminal sexual conduct, a violation of S.C.Code Ann. § 16–3–653 (1985). Under § 24–13–100, all Class A, B, and C felonies, and all "exempt" offenses which are punishable by a maximum term of imprisonment of twenty years or more are "no parole offenses." Second degree criminal sexual conduct is a class C felony. S.C.Code Ann. § 16–1–90(C)(Supp.2001).

An individual, such as petitioner, convicted of a "no parole offense" must serve 85% of "the actual term of imprisonment imposed," less any part suspended, before becoming eligible for early release, discharge, or participation in the Program. S.C.Code Ann. § 24–13–150(A)(Supp.2001). All persons serving "no parole" sentences, except those under a death sentence or a life sentence, participate in the Program following their term of incarceration. S.C.Code Ann. § 24–21–560(A)(Supp.2001). Petitioner contends his plea was involuntary because his trial counsel was ineffective in failing to

inform petitioner about the Program in advising him whether to plead guilty. We disagree.

In our view, the Program serves essentially the same function for persons convicted of "no parole offenses" as parole does for other inmates. It is well settled that parole eligibility is a collateral consequence of sentencing, and that trial counsel need not advise a client of his parole eligibility, *Griffin v. Martin,* 278 S.C. 620, 300 S.E.2d 482 (1983), or ineligibility, *Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000), in order to render effective assistance. Petitioner's trial counsel was not required to inform petitioner that, as a collateral consequence of his sentencing, he would participate in the Program. Since he has not demonstrated that counsel was ineffective, petitioner has not met his burden of showing the resulting plea was involuntary. *Roscoe v. State,* 345 S.C. 16, 546 S.E.2d 417 (2001).

The order denying petitioner's PCR application is AFFIRMED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.