591 S.E.2d 608

**Corey RANDALL, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25765.

Supreme Court of South Carolina.

Submitted Nov. 19, 2003.

Decided Jan. 12, 2004.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh and Assistant Deputy Attorney General Allen Bullard, of Columbia, for petitioner.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for respondent.

## ON WRIT OF CERTIORARI

JUSTICE WALLER:

We granted a writ of certiorari to review the grant of Petitioner's application for post-conviction relief (PCR). We reverse.

## FACTS

Petitioner, Corey Randall, was convicted of trafficking in crack cocaine and possession with intent to distribute (PWID) crack cocaine within proximity of a school. He was concurrently sentenced to 25 years and 15 years, respectively. He was granted PCR on the basis that 1) his trial counsel was ineffective in failing to advise him that, if he proceeded to trial and was convicted, he would have to serve 85% of his sentence

prior to being eligible for parole, and 2) counsel should have objected to the solicitor's closing argument comparing Randall to a cockroach.

## ISSUES

1. Was counsel ineffective in failing to advise Randall he would be required to serve 85% of his sentence before being eligible for parole?

2. Was counsel ineffective in failing to object to the solicitor's closing argument?

## 1. PAROLE ELIGIBILITY

■ The PCR court ruled counsel was ineffective in failing to advise Randall that, if convicted, he would be required to serve 85% of his sentence prior to being parole eligible. This was error.

■ This Court has repeatedly acknowledged that normally, parole eligibility is a collateral consequence of sentencing of which a defendant need not be specifically advised before entering a guilty plea. *Griffin v. Martin,* 278 S.C. 620, 300 S.E.2d 482 (1983). *See also Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000)(counsel is not ineffective for failing to advise a defendant regarding parole eligibility in connection with his guilty plea because it is a collateral consequence of sentencing); *Smith v. State,* 329 S.C. 280, 494 S.E.2d 626 (1997) (unless counsel gives erroneous advice, parole information is not a ground for collateral attack of a guilty plea); *Brown v. State,* 306 S.C. 381, 412 S.E.2d 399 (1991)(guilty plea is not rendered involuntary if the defendant is not informed of the collateral consequences of his sentence).

Randall was advised of the maximum potential sentences he was facing if he proceeded to trial (25 years for trafficking and 15 years for PWID within proximity of a school), and nonetheless elected to proceed to trial, rejecting an offer for a 10 year sentence if he pled to PWID. The fact that he was not advised of the collateral consequence of his parole eligibility did not render his counsel ineffective. *Jackson v. State,* 349 S.C. 62, 562 S.E.2d 475 (2002) (trial counsel need not advise client of

collateral consequence of parole eligibility). The grant of PCR on this ground is reversed.

## 2. SOLICITOR'S COCKROACH ARGUMENT

■ Randall next argues the solicitor's closing argument, equating him and his co-defendant with cockroaches, was improper and infected the trial with unfairness by arousing the passion and prejudice of the jury. We disagree; the comments did not so infect the trial with unfairness as to deprive Randall a fair trial.

A solicitor's closing argument must not appeal to the personal biases of the jurors nor be calculated to arouse the jurors' passions or prejudices, and its content should stay within the record and reasonable inferences thereto. *State v. Cooper*, 334 S.C. 540, 514 S.E.2d 584 (1999). A solicitor has a right to state his version of the testimony and to comment on the weight to be given such testimony. *Id.* Improper comments do not require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument. The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Humphries v. State*, 351 S.C. 362, 570 S.E.2d 160 (2002).

During his closing argument, the solicitor was describing Randall and his co-defendant (Yawn), accusing them of driving up from Florida to South Carolina to traffic drugs. He explained to the jury that a multitude of 10 and 20 dollar bills were found in their motel room, and 211 grams, or nearly one-half pound, of cocaine was found in a brown paper bag in the room. He told the jury they were not nice people and they were dirty because they were in the business of selling death and had come up to South Carolina to get rich, and they didn't care who they hurt when they sold their drugs. The solicitor then went on:

> That's why when I think of dope dealers ladies and gentlemen, the only way I can think of them is like cockroaches. And if that sounds foul to you, it should. Cause drug dealers are filthy just like cockroaches. Everywhere they go, everything they touch, they contaminate. And one thing about cockroaches and certainly is true is they hate the light. Particularly the blue kind like the ones that stopped

these two fellows cause they were scurrying back to their nest egg. 40 to 80 thousand dollars total. But the thing that makes them worse than cockroaches is the fact they're human beings.[1]

Randall contends the "dirty cockroach" analogy deprived him of a fair trial. We disagree. Given the facts of the case, we are confident the solicitor's cockroach analogy in no way affected the jury's verdict. Nearly one-half pound of crack cocaine, along with razor blades, was found in a motel room registered to Randall, and nearly $900.00 cash was found upon him, and several hundred more dollars were found amongst his personal belongings in a motel room, registered solely to Randall. We find the solicitor's comments did not so infect the trial with unfairness as to make Randall's conviction a denial of due process.

Further, the objected-to argument consists of only 10 lines in the transcript. This is not akin to other situations in which we have reversed for repeated improper references throughout trial. *See State v. Day,* 341 S.C. 410, 535 S.E.2d 431 (2000)(23 references to defendant by his nickname "Outlaw" were prejudicial when used not to establish identity but, rather, to demonstrate the defendant's character); *State v. Hawkins,* 292 S.C. 418, 357 S.E.2d 10 (1987) *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991)(solicitor's reference to defendant's nickname, "Mad Dog," over forty times denied the defendant due process). This case is more akin to *State v. Tubbs,* 333 S.C. 316, 509 S.E.2d 815 (1999) in which this Court held seven isolated references to the defendant's nickname "Cobra," though undesirable, did not so infect the trial with unfairness as to deprive the defendant due process.

The grant of PCR is reversed.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

1. We note that a "cockroach" closing argument has been upheld against challenge by the Supreme Court of Indiana. *See Bowles v. State,* 737 N.E.2d 1150 (Ind.2000)(prosecutor utilized cockroach poem to analogize the defendant as a cockroach and the victims as the writer of the poem who ultimately triumphed over the cockroach).