THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Richard Fletcher,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-164
Submitted January 29, 2004  Filed March 15, 2004

VACATED

 
 
 
Assistant Appellate Defender 
 Robert M. Pachak, Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Senior Assistant Attorney General Harold M. Coombs, 
 Jr.;  and Solicitor Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

 PER CURIAM: Richard Fletcher 
 was indicted for second-degree lynching.  Fletcher pled guilty to assault and 
 battery of a high and aggravated nature as a lesser-included offense of lynching 
 and was sentenced to five years imprisonment, suspended on the service of three 
 years probation.  Fletcher appeals, arguing the circuit court lacked subject 
 matter jurisdiction to accept his plea to assault and battery of a high and 
 aggravated nature because it is not a lesser-included offense of lynching.
FACTUAL/PROCEDURAL BACKGROUND
A grand jury indicted Fletcher for second-degree 
 lynching.    Subsequently, Fletcher pled guilty to assault and battery of a 
 high and aggravated nature (ABHAN).  Fletcher appeals.
LAW/ANALYSIS
Fletcher argues ABHAN is not a lesser-included 
 offense of lynching, and thus, the circuit court lacked subject matter jurisdiction 
 to accept his plea.  We agree.
The lack of subject matter jurisdiction over a criminal 
 case can be raised at any time, can be raised for the first time on appeal, 
 and can be raised sua sponte by the court.  State v. Guthrie, 352 S.C. 
 103, 107, 572 S.E.2d 309, 311 (Ct. App. 2002).  A circuit court lacks subject 
 matter jurisdiction to accept a guilty plea unless: 1) there is an indictment 
 that sufficiently states the offense; 2) the defendant has waived presentment 
 of the indictment; or 3) the plea is to a lesser-included offense of the crime 
 charged in the indictment.  Knox v. State, 340 S.C. 81, 84, 530 S.E.2d 
 887, 888 (2000).  The test for determining when a crime is a lesser included 
 offense is whether the greater of the two offenses includes all the elements 
 of the lesser offense.  Id.   
In Knox v. State, although the defendant 
 was indicted for second-degree lynching, he pled guilty to ABHAN as a lesser-included 
 offense of second-degree lynching.  Our supreme court determined that because 
 all of the elements of ABHAN are not included in the offense of second-degree 
 lynching, ABHAN is not a lesser-included offense of that crime.  Id. 
 at 84-85, 530 S.E.2d at 888-889.
Here, a grand jury indicted Fletcher for second-degree 
 lynching.  Subsequently, as in Knox, Fletcher pled guilty to ABHAN.  At 
 the plea hearing, the circuit court accepted Fletchers guilty plea to ABHAN 
 as a lesser-included offense of lynching.  However, ABHAN is not a lesser-included 
 offense [of lynching].  Id. at 85, 530 S.E.2d at 889.  Furthermore, 
 Fletcher did not waive presentment of an indictment for ABHAN.
Because Fletcher was not indicted for 
 ABHAN, he did not waive presentment of an indictment for ABHAN, and ABHAN is 
 not a lesser-included offense of second-degree lynching, the circuit court lacked 
 subject matter jurisdiction to accept Fletchers guilty plea.  See Id. 
 

CONCLUSION
For the foregoing reasons, Fletchers conviction 
 is
VACATED. 
GOOLSBY, HOWARD and KITTREDGE, JJ., 
 concurring.