602 S.E.2d 750

**The STATE, Respondent,**

v.

**Timothy MILLS, Appellant.**

No. 25864.

Supreme Court of South Carolina.

Heard April 21, 2004.
Decided Sept. 7, 2004.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Eleanor Duffy Cleary, of South Carolina, Office of Appellate Defense, of Columbia, for appellant.

Deputy Director Teresa A. Knox, Tommy Evans, Jr., and J. Benjamin Aplin, all of South Carolina, Department of Probation, Parole & Pardon Services, of Columbia, for respondent.

Justice MOORE:

This is a statutory construction case. The sole issue before us is the application of S.C.Code Ann. § 24–21–560(D) (Supp. 2003) which determines the sentence for successive revocations of a prisoner's community supervision. We affirm the trial judge's reading of the statute and the sentence imposed.

## FACTS

Appellant pled guilty to distribution of crack cocaine, second offense, and was sentenced to six months imprisonment. He was given credit for two days served. After serving five months and two days, he entered a Community Supervision Program (CSP) which was to continue for two years.

This case was commenced when appellant's supervising agent swore out a warrant alleging numerous violations of CSP including failure to report, use of controlled substances, failure to maintain employment, and failure to pay supervision fees. The trial judge revoked appellant's CSP and sentenced him to five months and seven days. Because this was the second time appellant's CSP was revoked, his sentence was determined under § 24–21–560(D).

Appellant claims § 24–21–560(D) limits his sentence for revocation to the remaining time left on his original sentence for the substantive crime. His original sentence was six months, of which he served five months and two days, and he served three weeks on the prior revocation. Appellant contends his revocation sentence therefore should not exceed five days. He complains the trial judge erroneously interpreted § 24–21–560(D) to allow a revocation sentence that was "almost double" his original sentence.

## DISCUSSION

Under § 24–21–560(A), participation in CSP is a mandatory condition of release for most no-parole offenses.[1] Section 24–21–560 further provides in pertinent part:

(C) If the department determines that a prisoner has violated a term of the community supervision program and the community supervision should be revoked, a probation agent must initiate a proceeding in General Sessions Court.

. . . .

If the court determines that a prisoner has wilfully violated a term or condition of the community supervision program, the court may impose any other terms or conditions considered appropriate and may continue the prisoner on community supervision, or the court may revoke the prisoner's community supervision and impose a sentence of up to one year for violation of the community supervision program. . . .

(D) If a prisoner's community supervision is revoked by the court and the court imposes a period of incarceration for the revocation, the prisoner also must complete a community supervision program of up to two years as determined by the department pursuant to subsection (B) when he is released from incarceration.

A prisoner who is sentenced for *successive revocations* of the community supervision program may be required to serve terms of incarceration for successive revocations, as provided in Section 24–21–560(C), and may be required to

1. Distribution of crack cocaine, second offense, is a "no parole offense." S.C.Code Ann. § 24–13–100 (Supp.2003).

serve additional periods of community supervision for successive revocations, as provided in Section 24–21–560(D). *The maximum aggregate amount of time the prisoner may be required to serve when sentenced for successive revocations may not exceed an amount of time equal to the length of incarceration imposed for the original "no parole offense".* The original term of incarceration does not include any portion of a suspended sentence.

(emphasis added). Appellant contends the underscored language means his sentence for revocation can equal only the amount of unserved time remaining on his original sentence. This construction of § 24–21–560(D) is not supported by a plain reading of the statute.

■■ Although a penal statute must be strictly construed against the State, when the terms of the statute are clear and unambiguous, we are constrained to give them their literal meaning. *State v. Blackmon,* 304 S.C. 270, 403 S.E.2d 660 (1991). The words of the statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001).

Subsection (C) of § 24–21–560 provides that "the court may revoke the prisoner's community supervision and impose a sentence of up to one year for a violation of the community supervision program." Subsection (D) then provides that for a *successive* revocation, the prisoner may be sentenced "as provided in [subsection] (C)" *i.e.*, for up to one year, with the limitation that the total time imposed "for successive revocations" *i.e., all* revocations, cannot exceed the length of time of the prisoner's original sentence. Subsection (D) does not provide, as appellant contends, that the sentence for any successive revocation is limited to the amount of time remaining on the prisoner's original sentence, nor does this statute inevitably result in the "doubling" of a prisoner's sentence. Further, we emphasize that the only issue before us is the construction of this particular statute and not the wisdom of the CSP statutory scheme as a whole.[2]

---

2. *See State v. Dawkins,* 352 S.C. 162, 167, 573 S.E.2d 783, 785 (2002) (construing CSP statutes and noting that "all parties agree the statutory scheme is convoluted.")

Since appellant served three weeks on his prior revocation, and his time for all revocations cannot exceed six months, the trial judge properly sentenced appellant to five months and seven days.

**AFFIRMED.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent. The majority holds that S.C.Code Ann. § 24–21–560 (Supp.2003) permits an inmate found to have violated the terms of his community supervision program (CSP) to serve an **additional sentence,**[3] up to an amount equal to the period of incarceration imposed as part his original sentence. I would read the statute differently.

CSP "serves essentially the same function for persons convicted of 'no parole offenses' as parole does for other inmates." *Jackson v. State,* 349 S.C. 62, 562 S.E.2d 475 (2002). As with parole, the Department of Probation, Parole, and Pardon Services (DPPPS) sets the initial length,[4] terms, and conditions of CSP, and determines whether violations have occurred, and initiates a judicial revocation process. If the circuit court judge determines the inmate has willfully violated the terms of his CSP, then the judge has three options: 1) continue the CSP; 2) continue the CSP but alter the terms and conditions; or 3) revoke CSP and order the inmate reincarcerated. The statute limits the total amount of prison time an inmate can serve following CSP revocation(s) to the period of incarceration ordered by the sentencing judge.

---

**3.** This is the term used in § 24–21–560; if the revocation judge is truly imposing a new sentence of up to one year, then the protections afforded all criminal defendants, including but not limited to the right to an indictment, counsel, and a jury, must be afforded her. None of these constitutional niceties were afforded appellant, or any of the other CSP violators who have come before the Court. Our obligation to construe statutes as constitutional where possible, *e.g. Ward v. State,* 343 S.C. 14, 538 S.E.2d 245 (2000), is a driving force behind my construction of § 24–21–560.

**4.** The maximum period of CSP is two years.

Read literally, then, I agree with the majority that the statute permits appellant to be reincarcerated for another six months, the "length of incarceration imposed for the original 'no parole offense.' "

In my opinion, however, to read the statute literally is to render it unconstitutional. *Compare In re Luckabaugh,* 351 S.C. 122, 568 S.E.2d 338 (2002) (no double jeopardy or due process violation in involuntary commitment for sexually violent predators because commitment is not penal). An inmate's original 'no parole' sentence ordinarily contains a period of incarceration plus a suspended portion. Section 24–21–560(D) limits the maximum period of reincarceration for CSP revocations to "an amount equal to the length of incarceration imposed for the original 'no parole offense' ". The original term of incarceration does not include any portion of a suspended sentence." In order to avoid any constitutional infirmity, I would read this language as putting an outside limit on incarceration of twice the period imposed by the trial judge. The outside limit on the total amount of time an inmate could be incarcerated and/or required to participate in the CSP program is the length of the original sentence, that is, the term of incarceration plus any period of suspension. For example, an individual sentenced to 20 years, suspended on service of seven years, would be subject to serving an additional seven years for CSP violations,[5] but in no case could be held in prison or required to participate in a CSP program after the expiration of the 20 years. Here, appellant received a six-month sentence, no part of which was suspended. In my view, the maximum time he could constitutionally be subjected to incarceration and/or required to participate in the CSP program pursuant to this sentence was six months. That period having expired, I would hold the trial court erred in reincarcerating appellant.

---

5. Of course, an inmate is subject to a maximum one year period of incarceration each time he is found to have willfully violated CSP, but each reincarceration is followed by another CSP until the program is successfully completed or until the term of the original sentence is met.