**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffrey Riebe, Appellant.

Appellate Case No. 2011-193674

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2013-UP-278
Heard June 11, 2013 – Filed June 26, 2013

**AFFIRMED**

Reid T. Sherard, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Jimmy A. Richardson, of Conway, for Respondent.

**PER CURIAM:** This appeal arises out Appellant Jeffrey Riebe's conviction for murder. We affirm pursuant to Rule 220(b), SCACR. As to Issue 1: *State v. Black*, 400 S.C. 10, 16-17, 732 S.E.2d 880, 884 (2012) ("To warrant reversal, an error must result in prejudice to the appealing party."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it could not reasonably have affected the result of the trial."); *Randall v. State*, 356 S.C. 639, 642, 591 S.E.2d 608, 610 (2004) ("A solicitor has a right to state his version of the testimony and to comment on the weight to be given such testimony."). As to Issue 2: *State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) (noting that in order to establish a violation of due process regarding the State's handling of evidence, "a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means"); *State v. Moses*, 390 S.C. 502, 518, 702 S.E.2d 395, 404 (Ct. App. 2010) ("South Carolina has adopted the duty to preserve analysis of *Arizona v. Youngblood* in its jurisprudence."); *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) (finding the Due Process Clause does not require reversal "when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**