**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Detrick Williams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-002100

---

**ON WRIT OF CERTIORARI**

---

Appeal from York County
J. Ernest Kinard, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2016-MO-017
Submitted April 15, 2016 – Filed April 27, 2016

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General James Rutledge Johnson, both of Columbia, for Respondent.

---

**PER CURIAM:**  This Court granted petitioner's petition for a writ of certiorari from an order of the post-conviction relief court finding petitioner was not entitled to a belated review of his direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).  Upon reviewing petitioner's direct appeal issue, we affirm his conviction and sentence pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Clark v. South Carolina Dep't of Pub. Safety*, 362 S.C. 377, 382–83, 608 S.E.2d 573, 576 (2005) (holding this Court will reverse the trial court's ruling on a directed verdict motion only where there is no evidence to support the ruling or where the ruling is controlled by error of law (citing *Hinkle v. National Cas. Ins. Co.*, 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003))); *State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003) (noting a defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged); *see also State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 623 (2011) ("Although it is a well-settled principle of statutory construction that penal statutes should be strictly construed against the state and in favor of the defendant, *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991), courts must nevertheless interpret a penal statute that is clear and unambiguous according to its literal meaning" (citing *State v. Mills*, 360 S.C. 621, 624, 602 S.E.2d 750, 752 (2004))); *In re Vincent J.*, 333 S.C. 233, 235, 509 S.E.2d 261, 262 (1998) (finding under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute (citations omitted)); *Paschal v. State Election Comm'n*, 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995) (stating where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning (citation omitted)).

**AFFIRMED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**