**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Israel Mendoza Cervantes, Appellant.

Appellate Case No. 2022-001214

———————

Appeal From Lexington County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-423
Submitted November 1, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Robert T. Williams, Sr., Anna Williams Yonge, and
Jason Thomas Yonge, all of Williams, Stitely & Brink,
PC, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

———————

**PER CURIAM:**  Israel Mendoza Cervantes appeals his convictions for trafficking heroin, twenty-eight grams or more; possession with intent to distribute (PWID)

cocaine; and possession of a weapon during the commission of a violent crime. He also appeals his concurrent sentences of twenty-five years' imprisonment for trafficking heroin, fifteen years' imprisonment for PWID cocaine, and consecutive sentence of five years' imprisonment for possession of a weapon during the commission of a violent crime. On appeal, Cervantes argues the trial court erred in denying his motions (1) to suppress his involuntary statement given in response to improper influence and (2) for a mistrial due to the State's improper closing argument on inapplicable law. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in denying Cervantes's motion to suppress his statement to law enforcement. *See State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990) ("On appeal, the conclusion of the trial judge on issues of fact as to the voluntariness of a confession will not be disturbed unless so manifestly erroneous as to show an abuse of discretion."); *State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[W]e . . . review the trial court's factual findings regarding voluntariness for any evidentiary support. However, the ultimate legal conclusion—whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review."). Although Cervantes argues police threatened to send the juvenile and the juvenile's mother to jail and that it was unclear whether the juvenile was still handcuffed at the time of Cervantes's interrogation, we hold the testimony of three different law enforcement officers supports the trial court's findings of fact related to Cervantes's statement— that law enforcement informed Cervantes of his *Miranda*[1] rights, made no threats and did not coerce him, and interviewed him for a period of only ten to fifteen minutes. Additionally, there was no indication Cervantes had any physical impairments or mental health concerns, and from the testimony of Cervantes and an officer, he was interviewed outside in either the yard of the subject property or an adjacent property. Based on those findings of fact and under the totality of the circumstances, Cervantes voluntarily waived his rights and spoke with law enforcement. *See State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("The trial [court's] determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused."); *State v. Miller*, 375 S.C. 370, 386, 652 S.E.2d 444, 452 (Ct. App. 2007) ("[A]ppropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."); *Rochester*, 301 S.C. at 200, 391 S.E.2d at 246 ("[T]he confession may not be 'extracted by any

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of improper influence.'" (second and third alterations in original) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976))); *cf. State v. Corns*, 310 S.C. 546, 552, 426 S.E.2d 324, 327 (Ct. App. 1992) (holding that testimony from officers conceding they told the defendant his wife could be arrested and his children could be taken from him *did* amount to improper influence).

2.  We hold the trial court did not abuse its discretion in denying Cervantes's motion for a mistrial based on the State's closing argument, which included an explanation of "the hand of one is the hand of all."  *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."). Although the trial court ultimately denied the State's request to charge the hand of one is the hand of all after closing arguments because it found the theory to be inapplicable, the State's mention of the doctrine at the beginning of its argument did not so infect the trial with unfairness as to make the resulting conviction a denial of due process or shift its burden because it was only a single statement in the entirety of the argument and any error was cured by the trial court correctly charging (1) Cervantes's offenses, (2) that closing arguments were not evidence, and (3) the jury was only to apply the law exactly as stated by the trial court. Furthermore, there was overwhelming evidence of Cervantes's guilt because he was found alone inside a shed with a substantial amount of drugs, drug packaging equipment, and multiple firearms.  *See id.* at 63, 530 S.E.2d at 628 ("A mistrial should only be granted when absolutely necessary.  In order to receive a mistrial, the defendant must show error and resulting prejudice." (citation omitted)); *Randall v. State*, 356 S.C. 639, 642, 591 S.E.2d 608, 610 (2004) ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial [court's] instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt.").

**AFFIRMED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**