**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Briggs, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-000551

---

Appeal From Spartanburg County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-125
Submitted February 3, 2026 – Filed March 18, 2026

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** Anthony Briggs appeals the post-conviction relief (PCR) court's denial of his application for PCR, arguing the PCR court erred in finding trial counsel was not ineffective for failing to object to the solicitor's closing argument. We affirm pursuant to Rule 220(b), SCACR.

We hold the PCR court did not err in finding trial counsel was not ineffective for failing to object to the solicitor's closing argument because although the solicitor's comment constituted an improper Golden Rule argument, Petitioner failed to show the improper argument so infected his trial with unfairness as to result in a denial of due process.  *See Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018) (stating an appellate court's "standard of review in PCR cases depends on the specific issue before" the court); *id.* at 180-81, 810 S.E.2d at 839 (providing an appellate court will "defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them"; however, an appellate court reviews "questions of law de novo, with no deference to trial courts"); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("[T]he burden of proof is on the [PCR] applicant to prove the allegations in his application."); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (stating that in order to establish a claim for ineffective assistance of counsel, a PCR applicant must show: (1) counsel's representation was deficient because it "fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Randall v. State*, 356 S.C. 639, 642, 591 S.E.2d 608, 610 (2004) (providing a closing argument should stay contained to evidence within the record or any reasonable inferences therefrom); *Vasquez v. State*, 388 S.C. 447, 458, 698 S.E.2d 561, 566 (2010) (stating a solicitor is allowed to argue its version of the evidence and to comment on how much weight to give such evidence but a solicitor's duty is to see justice done, not to convict a defendant); *id.* (stating a closing argument "must be carefully tailored so as not to appeal to the personal bias of the juror nor be calculated to arouse his passion or prejudice" (quoting *State v. Northcutt*, 372 S.C. 207, 222, 641 S.E.2d 873, 881 (2007))); *State v. Harris*, 382 S.C. 107, 120, 674 S.E.2d 532, 539 (Ct. App. 2009) ("[A] Golden Rule [a]rgument is one that suggests to the jurors they put themselves in the shoes of one of the parties."); *id.* ("In the criminal arena, such an argument is generally improper because it asks the jurors to place themselves in the victim's place.  Such an argument tends to destroy all sense of impartiality of the jurors, and its effect is to arouse passion and prejudice, thereby encouraging the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (citation omitted)); *Randall*, 356 S.C. at 642, 591 S.E.2d at 610 ("Improper comments do not require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *id.* (stating an appellate court must determine whether the improper argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); *Simmons v. State*, 331 S.C. 333,

338, 503 S.E.2d 164, 166 (1998) (providing an appellate court will review the improper argument in the context of the entire record).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.