705 S.E.2d 489

**Jimmy Lee DUNCAN, Appellant/Respondent,**

v.

**The STATE, Respondent/Appellant.**

No. 4784.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2010.

Decided Jan. 26, 2011.

Appellate Defender Robert M. Pachak, of Columbia, for Appellant/Respondent.

J. Benjamin Aplin, of Columbia, for Respondent/Appellant.

PER CURIAM.

Jimmy Lee Duncan pled guilty to first-degree criminal sexual conduct (CSC) with a minor in 2000. The trial court sentenced him to fifteen years' imprisonment, suspended upon five years' probation. In 2003, Duncan pled guilty to third-degree burglary, and the trial court sentenced him to five years' imprisonment, revoked his probation for the first-degree CSC with a minor conviction, and reinstated seven years of his fifteen-year CSC sentence. Upon his release in February 2008, Duncan began a community supervision program (CSP). In July 2008, the trial court revoked Duncan's CSP because he willfully violated the terms of his CSP and ordered him to serve 127 days' imprisonment. In addition, the trial court ordered Duncan to wear an active electronic monitoring device [1] when he resumed probation. In November 2008, a probation revocation hearing was held at which the trial court continued Duncan on probation, finding because Duncan was indigent, he did not willfully violate the conditions of his

---

1. Electronic monitoring is often referred to as global positioning system (GPS) monitoring.

probation by failing to pay his fine. The trial court also imposed the standard sex offender conditions to Duncan's probation and terminated Duncan's electronic monitoring.

Duncan appeals the trial court's decision to add the sex offender conditions to the conditions of his probation. Duncan's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he reviewed the record and concluded this appeal lacked merit and asking to be relieved as counsel. After a thorough review of the record and counsel's brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Williams,* 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss [2] the *Anders* appeal and grant counsel's petition to be relieved.

The State cross-appeals, arguing the trial court erred in terminating Duncan's electronic monitoring. We agree.

A person convicted of first-degree CSC with a minor must be monitored with an active electronic monitoring device by the Department of Probation, Parole and Pardon Services (the Department) upon release from incarceration, confinement, commitment, institutionalization, or when placed under the supervision of the Department. S.C.Code Ann. § 23–3–540(A) (Supp.2009). Additionally, a person convicted of first-degree CSC with a minor "who violates a [CSP] *must* be ordered by the court or agency with jurisdiction to be monitored by [the Department] with an active electronic monitoring device." S.C.Code Ann. § 23–3–540(C) (Supp.2009) (emphasis added); *see also* S.C.Code Ann. § 23–3–540(E) (Supp.2009) (noting electronic monitoring is required for a person with a conviction for first-degree CSC with a minor who violates any provision of the electronic monitoring statute). Further, section 23–3–540(H) of the South Carolina Code (Supp.2009) requires the person to be monitored "for the duration of the time the person is required to remain on the sex offender registry [ (the Registry) ] . . . unless the person is committed to the custody of the State." An offender is required to register for the Registry biannually for life. S.C.Code Ann. § 23–3–460(A) (Supp.2009). An offender may petition for

---

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.

termination of electronic monitoring after ten years from the date the electronic monitoring begins, and if denied, the offender may refile a petition for removal every five years from the date the court denies the petition or refuses to grant the order. § 23-3-540(H).

We find the trial court erred in terminating Duncan's electronic monitoring. Although section 23-3-540 was enacted after Duncan's conviction, Duncan was subject to electronic monitoring because he violated the terms of his CSP for his first-degree CSC with a minor conviction after the enactment of the statute. *See* § 23-3-540(C). Here, Duncan's CSP was revoked in July 2008. Furthermore, the trial court did not have the discretion to terminate Duncan's electronic monitoring because electronic monitoring is required "for the duration of the time the person ... remain[s] on the [Registry]." *See* § 23-3-540(H). Accordingly, the trial court erred in terminating Duncan's electronic monitoring, and we remand the case to the trial court to reinstate the initial trial court's order requiring electronic monitoring.

For the foregoing reasons, the decision of the trial court is **DISMISSED IN PART, REVERSED IN PART, AND REMANDED.**

WILLIAMS, PIEPER, and KONDUROS, JJ., concur.