**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Greg Jackson Floyd, Appellant.

Appellate Case No. 2014-000143

Appeal From Clarendon County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-400
Submitted July 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 23-3-540(C) (Supp. 2010) ("A person who is required to register pursuant to [the Sex Offender Registry] article for committing

criminal sexual conduct with a minor in the first degree, pursuant to Section 16-3-655(A)(1), or committing or attempting a lewd act upon a child under sixteen, pursuant to Section 16-15-140, and who violates a term of probation, parole, community supervision, or a community supervision program must be ordered by the court or agency with jurisdiction to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device."); S.C. Code Ann. § 23-3-540(H) (Supp. 2010) ("The person shall be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device for the duration of the time the person is required to remain on the sex offender registry pursuant to the provisions of this article, unless the person is committed to the custody of the State."); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (internal quotation marks omitted)); *Duncan v. State*, 391 S.C. 350, 353, 705 S.E.2d 489, 491 (Ct. App. 2011) (holding a trial court erred in terminating a defendant's electronic monitoring when monitoring was required by section 23-3-540 because the defendant committed an offense listed in section 23-3-540(C) and subsequently violated the terms of his community supervision program).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.