466

642 S.E.2d 724

The STATE, Respondent,

v.

Christopher THOMAS, Appellant.

No. 26281.

Supreme Court of South Carolina.

Heard Jan. 30, 2007.

Decided March 5, 2007.

Appellate Defender Aileen P. Clare, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, all of Columbia, and Solicitor Barbara R. Morgan, of Aiken, for Respondent.

PER CURIAM.

Christopher Thomas (appellant) pled guilty to distribution of crack cocaine within a prohibited proximity of a school. Appellant was sentenced to the minimum term of ten years as provided by S.C.Code Ann. § 44–53–445 (2002). He now seeks a new sentencing hearing, claiming the circuit court judge erroneously declared that he had no power to suspend appellant's sentence because a minimum sentence was provided by statute. We reverse and remand.

## FACTS

Appellant was indicted for distribution of crack cocaine and distribution within one-half mile of a school. The State dropped the distribution charge, and appellant pled guilty to the proximity charge. After appellant was advised of his rights and the court accepted the guilty plea, appellant was sentenced to a ten year prison term, the minimum provided by S.C.Code Ann. § 44–53–445(B)(2).

Six days later, after timely notice, appellant appeared before the court seeking reconsideration of his sentence. Family members testified on appellant's behalf, and appellant asked the court to consider suspending the sentence. The judge refused, stating that because a minimum and maximum sentencing range was prescribed by § 44–53–445(B)(2), he was powerless to suspend any portion of the minimum sentence.

## ISSUE

Did the trial court abuse its discretion by refusing to reconsider appellant's sentence on the grounds that it had no authority to suspend a minimum sentence?

## ANALYSIS

■ The general power to suspend sentences derives from S.C.Code Ann. § 24–21–410 (1989).[1] This power does not extend to offenses where the legislature has specifically mandated that no part of a sentence may be suspended. *State v. Johnson*, 343 S.C. 693, 541 S.E.2d 855 (Ct.App.2001); *State v. Taub*, 336 S.C. 310, 519 S.E.2d 797 (Ct.App.1999); and *State v. Tisdale*, 321 S.C. 153, 467 S.E.2d 270 (Ct.App.1996).

■ The criminal statute violated in this case, § 44–53–445, requires the person found guilty "must be fined not less than ten thousand dollars and imprisoned not less than ten nor more than fifteen years." S.C.Code Ann. § 44–53–445(B)(2). However, unlike the statutes analyzed in *Johnson*, *Taub*, and *Tisdale*, § 44–53–445 contains no provision prohibiting the suspension of a sentence imposed pursuant to the statute.

Appellant argues that because § 44–53–445 does not specifically prohibit suspension of a sentence for distribution within proximity of a school, the circuit judge had the authority under § 24–21–410 to suspend the minimum sentence. We agree.

■ The cardinal rule of statutory construction is to ascertain and effectuate the intention of the legislature. *Howell v. U.S. Fidelity and Guar. Ins. Co.*, 370 S.C. 505, 636 S.E.2d 626 (2006). However, statutes must be read as a whole, and sections which are part of the same general statutory scheme must be construed together and each one given effect, if reasonable. *Higgins v. State*, 307 S.C. 446, 415 S.E.2d 799 (1992). Penal statutes are to be construed strictly

---

1. "After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of a court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation. Probation is a form of clemency."

against the State and in favor of the defendant. *State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002).

In numerous penal statutes, the legislature has included specific provisions to prohibit suspension, in whole or in part, of sentences to fines or imprisonment.[2] Here, the omission of any such provision in the proximity statute, § 44–53–445, indicates the legislature did not intend to limit the general authority to suspend sentences.

The State contends that because the proximity statute is part of the same statutory scheme as §§ 44–53–370, –375, and –440,[3] the legislature also intended to preclude suspension of sentences imposed pursuant to § 44–53–445. We disagree. The legislature expressly included these limiting provisions in similar drug offense statutes and chose not to limit the authority to suspend sentences in § 44–53–445. *See Hodges v. Rainey*, 341 S.C. 79, 533 S.E.2d 578 (2000) (discussing the canon "expressio unius est exclusio alterius," or "to express or include one thing implies the exclusion of another," and hold-

___

**2.** S.C.Code Ann. §§ 16–1–120 (increased sentences for repeat offenders); 16–3–625 (resisting arrest with a deadly weapon); 16–3–655 (criminal sexual conduct with a minor); 16–11–330 (robbery with a deadly weapon); 16–11–700 (dumping litter on private or public property); 16–15–395 (1st degree sexual exploitation of a minor); 16–15–405 (2nd degree sexual exploitation of a minor); 16–15–415 (promoting prostitution of a minor); 16–23–490 (possession of firearm or knife during commission of violent crime); 16–25–20 (criminal domestic violence); 16–25–65 (criminal domestic violence of high and aggravated nature); 17–25–125 (unlawful taking/receipt of property and malicious injury to property); 23–3–470 (failure to register as sex offender); 23–3–475 (registering as sex offender with false information); 44–41–36 (unlawful abortion on minor); 44–53–370 (Class A drug offenses); 44–53–375 (possession, manufacturing, and trafficking of certain controlled substances); 44–53–440 (distribution of certain controlled substances to persons under 18); 50–1–85 (use of firearm/archery in a criminally negligent manner while hunting); 50–1–125 (wildlife trafficking); 50–5–1105 (exceeding wildlife catch limits); 50–21–112 (driving watercraft while intoxicated); 50–21–113 (driving watercraft while intoxicated resulting in property damage or great bodily injury); 56–1–460 (driving automobile while license suspended or revoked); 56–5–2940 (DUI or DUAC); 56–5–2947 (child endangerment when violating driving statutes); and 56–5–6540 (seat belt violation).

**3.** These three statutes deal with offenses involving the distribution, possession, and trafficking of controlled substances. All three statutes specifically prohibit suspension of sentences.

ing that the enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded).

Finally, the State argues that § 44–53–445 is a specific statute that prevails over § 24–21–410, a general statute. *See Taub, supra,* and *Johnson, supra.* While we agree that § 44–53–445 provides the sentencing parameters for distribution of crack cocaine within proximity of a school, the statute does not contain any provision regarding suspension of a sentence. Thus, this case is distinguishable from *Taub, Johnson,* and *Tisdale* because no prohibition against suspending sentences imposed pursuant to § 44–53–445 conflicts with the general authority provided by § 24–21–410.

## CONCLUSION

Accordingly, the trial court's erroneous ruling that it had no authority to suspend the sentence provided by § 44–53–445(B)(2) mandates vacation of the sentence imposed. We therefore reverse and remand for resentencing.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.