702 S.E.2d 369

**Kelvin NELSON, Petitioner,**

v.

**Jonathan E. OZMINT in his official capacity as Director of the South Carolina Department of Corrections, Respondent.**

No. 26894.

Supreme Court of South Carolina.

Heard Oct. 7, 2010.

Decided Nov. 22, 2010.

Ernest Charles Grose, Jr. and Janna A. Nelson, both of Greenwood, for Petitioner.

Christopher D. Florian, of SC Department of Corrections, of Columbia, for Respondent.

Justice PLEICONES.

Petitioner pled guilty to criminal domestic violence, third or subsequent offense (CDV 3rd). Petitioner filed this action in the Court's original jurisdiction seeking a writ of mandamus directing respondent to apply good time and earned work credits to reduce the actual time petitioner must serve. We

find inmates convicted of CDV 3rd are required to actually be imprisoned for a mandatory one-year minimum.

## BACKGROUND

On January 20, 2010, petitioner pled guilty to two counts of CDV 3rd and was sentenced to concurrent terms of fifteen months' imprisonment. The sentencing judge ordered petitioner be given credit for 162 days of pre-sentencing detention, as petitioner had been incarcerated since August 11, 2009. The South Carolina Department of Corrections (SCDC) projected petitioner would be eligible for release one year after he was originally incarcerated.

On May 6, 2010, petitioner's counsel wrote SCDC director Jon Ozmint requesting SCDC reevaluate its interpretation of S.C.Code Ann. § 16–25–20(B)(3) (Supp.2009), which provides the punishment for CDV 3rd. SCDC responded, explaining it interpreted the statute to mean petitioner was required to actually serve one year, not including good time credits [1] or earned work credits,[2] before he was eligible for release.

## ISSUE

Does § 16–25–20(B)(3) require an inmate serving a mandatory minimum one-year sentence for CDV 3rd to actually be imprisoned for one year?

## DISCUSSION

### A. Threshold Issues

At the outset, we note petitioner was released from SCDC in August, 2010, making his underlying claim moot. *See Sloan v. Dep't of Transp.*, 379 S.C. 160, 167, 666 S.E.2d 236, 240 (2008) (This Court "will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."). If, however, an issue raised is capable of repetition but generally will evade review, the Court can address the issue. *Id.* We find this issue is one that is capable of repetition, yet will usually evade review because

---

1. *See* S.C.Code Ann. § 24–13–210 (2007).

2. *See* S.C.Code Ann. § 24–13–230 (2007).

most inmates will have served the year required by SCDC's interpretation of the statute before the lawfulness of the interpretation can be reviewed.

We therefore construe this as an action for a declaratory judgment. *See* S.C.Code Ann. § 15–53–30 (2005) (a party whose rights, status, and other legal relations are affected by a statute may seek a court's determination of any question of construction or validity of the statute and obtain a declaration of the party's rights, status, or other legal relations thereunder); S.C.Code Ann. § 15–53–130 (2005) (purpose of the Declaratory Judgment Act is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and it is to be liberally construed and administered); *Town of Hilton Head Island v. Coalition of Expressway Opponents,* 307 S.C. 449, 415 S.E.2d 801 (1992) (the Supreme Court can render a declaratory judgment when a justiciable controversy setting legal rights of parties exists).

## B. Statutory Interpretation

S.C.Code Ann. § 16–25–20 provides, in pertinent part:

(B) [A] person who violates the provisions of subsection (A) is guilty of the offense of criminal domestic violence and, upon conviction, must be punished as follows:

 (1) for a first offense, the person is guilty of a misdemeanor and must be fined ... or imprisoned not more than thirty days. The court may suspend the imposition or execution of all or part of the fine conditioned upon the offender completing ... a program designed to treat batterers.

 (2) for a second offense, the person is guilty of a misdemeanor and must be fined ... and imprisoned not less than a mandatory minimum of thirty days nor more than one year. The court may suspend the imposition or execution of all or part of the sentence, except the thirty-day mandatory minimum sentence, conditioned upon the offender completing ... a program designed to treat batterers. **If a person is sentenced to a mandatory minimum of thirty days pursuant to the provisions of this subsection, the judge may provide that the sentence be served two days during**

the week or on weekends until the sentence is completed and is eligible for early release based on credits he is able to earn during the service of his sentence, including but not limited to, good-time credits;

(3) for a third offense, the person is guilty of a felony and **must be imprisoned not less than a mandatory minimum of one year but not more than five years.**

(Emphasis added).

Petitioner argues inmates convicted of CDV 3rd should be permitted to earn good time credits and earned work credits such that they could reduce their terms of actual imprisonment below the mandatory minimum of one year. We disagree.

 "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Bryant v. State,* 384 S.C. 525, 529, 683 S.E.2d 280, 282 (2009). When a statute is penal in nature, it must be strictly construed against the State and in favor of the defendant. *State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991). However, all rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute. *State v. Sweat,* 386 S.C. 339, 351, 688 S.E.2d 569, 575 (2010).

We find the legislature intended § 16–25–20(B)(3) to require inmates convicted of CDV 3rd to actually be imprisoned for the mandatory one-year minimum. The legislature expressly provided that an inmate convicted of CDV, second offense, who is sentenced to the mandatory minimum term of imprisonment is eligible for early release based on credits he is able to earn during the service of his sentence. We find that, by omitting such language from the provision at issue, the legislature intended to make an inmate convicted of CDV 3rd ineligible to receive good time and earned work credits to reduce the time they are required to serve below the mandatory minimum of one year. *See Hodges v. Rainey,* 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000) (the canon of construction "*expressio unius est exclusio alterius*" or "*inclusio unius est*"

*exclusio alterius* " holds that "to express or include one thing implies the exclusion of another, or of the alternative").

Petitioner contends *State v. Thomas,* 372 S.C. 466, 642 S.E.2d 724 (2007) provides guidance on this issue. In *Thomas,* the Court held the sentencing judge retained the power to suspend the sentence of a defendant convicted of distribution of crack cocaine within a certain proximity to a school because the applicable penalty statute contained no provision restricting a sentencing judge from suspending the minimum sentence. *Thomas* is distinguishable from the present case because *Thomas* addresses the general power of courts to suspend a sentence whereas the present case addresses the mandatory application by SCDC of § 16–25–20(B)(3) when calculating the time an inmate must actually be imprisoned. Accordingly, we find the absence of a provision restricting SCDC from applying good time and earned work credits to reduce an inmate's sentence below the mandatory minimum does not indicate SCDC must apply these credits in such a way.

## CONCLUSION

We find § 16–25–20(B)(3) requires inmates convicted of CDV 3rd to actually be imprisoned for the mandatory minimum of one year.

**JUDGMENT FOR RESPONDENT.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.