713 S.E.2d 621

**The STATE, Respondent**

**v.**

**Abel JACOBS, Appellant.**

**No. 27015.**

Supreme Court of South Carolina.

Heard June 22, 2011.

Decided July 25, 2011.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Mark R. Farthing, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

Chief Justice TOAL.

Abel Jacobs (Appellant) appeals the circuit court's decision that a sentence for burglary in the first degree cannot be suspended under the language of South Carolina Code section 24–21–410. We affirm.

## PROCEDURAL BACKGROUND

In January 2010, Appellant pled guilty to a variety of criminal charges, including a charge for first degree burglary. At the plea hearing, defense counsel asked the circuit judge to suspend the minimum fifteen year sentence for first degree burglary in lieu of placing Appellant under probation. Defense counsel opined that state courts have routinely suspended sentences for first degree burglary, and the State has never appealed those sentences. The circuit judge deferred sentencing Appellant for the first degree burglary conviction at the plea hearing, and requested the parties submit memoranda in support of their positions regarding the suspension issue. The circuit judge subsequently issued an order finding that a sentence for the conviction of first degree burglary is not suspendable under section 24–21–410 of the South Carolina Code. At the sentencing hearing, the circuit judge sentenced Appellant to fifteen years imprisonment for first degree burglary, along with concurrent sentences for remaining charges, crediting Appellant for time served prior to his guilty plea.

## ISSUE

Whether a sentence for the conviction of first degree burglary can be suspended under section 24–21–410 of the South Carolina Code.

## STANDARD OF REVIEW

 "In criminal cases, the appellate court sits to review errors of law only." *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010). "A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . ." *In re M.B.H,* 387 S.C. 323, 326, 692 S.E.2d 541, 541 (2010).

ANALYSIS

■ Appellant argues the circuit court erred in concluding that a sentence for a conviction for first degree burglary is not suspendable under section 24–21–410 of the South Carolina Code. We disagree.

■ "The cardinal rule of statutory construction is to ascertain and effectuate legislative intent." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). As such, a court must abide by the plain meaning of the words of a statute. *Id.* When interpreting the plain meaning of a statute, courts should not resort to subtle or forced construction to limit or expand the statute's operation. *Grazia v. S.C. State Plastering, LLC,* 390 S.C. 562, 569, 703 S.E.2d 197, 200 (2010). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges,* 341 S.C. at 85, 533 S.E.2d at 581. " 'What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature.' " *Id.* (*quoting* Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed.1992)). Although it is a well-settled principle of statutory construction that penal statutes should be strictly construed against the state and in favor of the defendant, *State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991), courts must nevertheless interpret a penal statute that is clear and unambiguous according to its literal meaning. *State v. Mills,* 360 S.C. 621, 624, 602 S.E.2d 750, 752 (2004).

A circuit court's authority to suspend a sentence and impose probation derives solely from section 24–21–410, which states:

> After conviction or plea for any offense, *except a crime punishable by death or life imprisonment,* the judge of a court of record with criminal jurisdiction at the time of the sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation. Probation is a form of clemency.

S.C.Code Ann. § 24–21–410 (Supp.2010) (emphasis added). The South Carolina Code defines the crime of first degree

burglary as follows: "Burglary in the first degree is a felony *punishable by life imprisonment....* The court, in its discretion, may sentence the defendant to a term of not less than fifteen years." S.C.Code Ann. § 16–11–311(B) (2003) (emphasis added). Therefore, the sentence for this offense ranges from a maximum of life imprisonment to a minimum of fifteen years imprisonment. *Id.*

We find the sentence for a conviction of first degree burglary falls squarely within the exception provided in section 24–21–410 because first degree burglary is a felony "punishable by life imprisonment." S.C.Code Ann. § 16–11–311(B) (2003). In drafting section 24–21–410, the legislature made clear its intention to give judges the discretion to suspend criminal sentences in favor of probation, unless the seriousness of a crime warrants the severe penalties of death or life imprisonment. In those cases, the legislature chose to restrict a court's authority to suspend sentences below the statutorily-mandated sentencing range.

Appellant relies on this Court's holding in *State v. Thomas* for the proposition that a sentence for the conviction of first degree burglary is suspendable because the burglary statute does not expressly prohibit suspension. 372 S.C. 466, 642 S.E.2d 724 (2007). In *Thomas,* the statute at issue required that a person convicted of distributing cocaine within proximity of a school be " 'fined not less than ten thousand dollars and imprisoned not less than ten nor more than fifteen years.' " *Id.* at 468, 642 S.E.2d at 725 *(quoting* S.C.Code Ann. § 44–53–445(B)(2) (2002)). This Court found that numerous penal statutes include explicit language that prohibits suspension of the prescribed prison sentence, and that the omission of such a prohibition in the statute at issue indicated the legislature's intent to not limit a court's authority to suspend sentences for that crime. *Id.* at 469, 642 S.E.2d at 725. The holding in *Thomas* has no bearing on this case. The sentence imposed for the criminal conviction in *Thomas* was not punishable by death or life imprisonment, and therefore, did not fall within the exception of section 24–21–410. Applying the plain and ordinary meaning of section 24–21–410 understandably led this Court to find that a crime not punishable by death or life imprisonment may be suspended, unless the statute expressly prohibits suspension.

Appellant further contends that the language excepting crimes "punishable by death or life imprisonment" implies that a crime carrying such a sentence may, nevertheless, be suspended if the statute includes other sentencing options. Therefore, Appellant argues, because section 16–11–311(B) imposes a sentence ranging from fifteen years to life imprisonment, it does not fall within the exception contained in section 24–21–410. We believe this is a forced construction of the statute. If the legislature intended to restrict a court's authority to suspend sentences for crimes that are *only* punishable by death or life imprisonment, it would have used the language *"punished* by death or life imprisonment" or *"only punishable* by death or life imprisonment." As the language of section 24–21–410 is unambiguous, we are confined to interpret its plain meaning. The plain language of the statute gives no indication the legislature intended to limit the exception in the manner urged by Appellant. If the legislature intends to give the courts the discretionary authority to suspend sentences for crimes that include a range of punishment in addition to death or life imprisonment, it is up to the legislature to memorialize that intention in the words of a statute.

## CONCLUSION

We find that section 24–21–410 of the South Carolina code does not give courts the authority to suspend sentences for crimes punishable by death or life imprisonment, and this includes crimes that include lesser sentences than death or life imprisonment. Therefore, we affirm the circuit court's order finding that a sentence for a conviction of first degree burglary may not be suspended according to section 24–21–410 of the South Carolina Code.

**AFFIRMED.**

PLEICONES, BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.