**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Wade, Appellant.

Appellate Case No. 2011-193672

―――――――――

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-422
Submitted July 2, 2012 – Filed July 11, 2012

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Staff Attorney Julie Kate Keeney, all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.

―――――――――

**PER CURIAM:** Michael Wade appeals the circuit court's order requiring him to register as a sex offender, arguing the facts behind his offense were not of a sexual nature. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("The cardinal rule of statutory construction is to ascertain and effectuate legislative intent." (citation and internal quotation marks omitted)); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (citation and internal quotation marks omitted)); *id.* at 587, 713 S.E.2d at 622-23 ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." (citation and internal quotation marks omitted)); S.C. Code Ann. § 23-3-430(A) (2007) ("Any person, regardless of age, residing in the State of South Carolina who in this State . . . pled guilty . . . to an offense described below . . . shall be required to register pursuant to the provisions of this article."); S.C. Code Ann. § 23-3-430(C) (Supp. 2011) ("For purposes of this article, a person who . . . pled guilty . . . for any of the following offenses shall be referred to as an offender: . . . (12) peeping, voyeurism, or aggravated voyeurism ([s]ection 16-17-470) . . . .").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.