756 S.E.2d 404

Sandra RICHARDSON, Respondent,

v.

STATE of South Carolina, Petitioner.

Appellate Case No. 2010–151193.

No. 5212.

Court of Appeals of South Carolina.

Heard Feb. 3, 2014.

Decided March 26, 2014.

family court possessed jurisdiction to determine whether the premarital agreement was valid and enforceable).

Assistant Deputy Attorney General David A. Spencer and Assistant Attorney General Daniel Francis Gourley, II, both of Columbia, for Petitioner.

Appellate Defender Susan Barber Hackett, of Columbia, for Respondent.

FEW, C.J.

In this appeal from an order granting post-conviction relief (PCR) to Sandra Richardson, we hold a trial court has no

power to suspend a sentence imposed on a person convicted of homicide by child abuse under section 16–3–85(A)(1) of the South Carolina Code (2003). We reverse.

## I. Facts and Procedural History

Richardson pled guilty to homicide by child abuse under subsection 16–3–85(A)(1), which carries a minimum sentence of twenty years and a maximum of life imprisonment. S.C.Code Ann. § 16–3–85(C)(1) (2003). The trial court initially sentenced her to twenty-two years in prison, but Richardson moved the court to reduce and suspend the sentence. At the hearing on the motion, her plea counsel stated,

> I believe you do have the discretion to sentence her to 20 years, . . . and . . . we ask that you reduce it to the 20 year minimum but that you . . . further have discretion to suspend it because [section 16–3–85] is silent on whether you can suspend a minimum sentence.

The trial court reduced the sentence to twenty years but found it lacked the power to suspend the sentence. Specifically, the court stated, "I think my hands are tied by the . . . legislature setting [a] mandatory minimum"; "as far as I'm concerned, legally, the only thing I can do today . . . is reduce it to the 20 years."

Richardson's plea counsel filed an appeal to challenge the trial court's ruling that it lacked the power to suspend the minimum sentence. The appeal was assigned to an appellate defender at the Division of Appellate Defense, who sent Richardson a letter that indicated she had "no meritorious issues for appeal." Relying on her appellate counsel's advice, Richardson submitted an affidavit to this court stating, "I do not wish to appeal." We dismissed the appeal.

Richardson filed an application for PCR and alleged ineffective assistance of appellate counsel. At the PCR hearing, Richardson's appellate counsel testified she "would have strongly encouraged [Richardson] to proceed with an appeal." She explained this was because Richardson's plea counsel asked the court to exercise its discretion in suspending her sentence, and "when a judge has discretion and he thinks he doesn't that's reversible error." She stated, "I must have missed that [issue] when I read the guilty plea transcript."

The PCR court found that under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), (1) appellate counsel rendered ineffective assistance by advising Richardson to withdraw the appeal, and (2) Richardson was prejudiced because there was a reasonable probability this court would have reversed and ordered a new sentencing hearing. Relying on *State v. Thomas*, 372 S.C. 466, 642 S.E.2d 724 (2007), the PCR court explained "there were potentially meritorious issues which were raised during the guilty plea" because the trial court actually had the power to suspend the sentence. The PCR court ordered a new sentencing hearing. The State filed a petition for writ of certiorari, which this court granted. *See* S.C.Code Ann. § 17–27–100 (2014) ("A final judgment entered under this chapter may be reviewed by a writ of certiorari as provided by the South Carolina Appellate Court Rules."); Rule 243(a), SCACR ("A final decision entered under the Post–Conviction Relief Act shall be reviewed by the Supreme Court upon petition of either party for a writ of certiorari."); Rule 243(*l* ), SCACR ("The Supreme Court may transfer a case filed under this rule to the Court of Appeals.").

## II. Law/Analysis

We will reverse the PCR court's decision when it is controlled by an error of law. *Lorenzen v. State*, 376 S.C. 521, 529, 657 S.E.2d 771, 776 (2008). For a court to grant PCR on the grounds of ineffective assistance of counsel, the applicant must show: (1) trial counsel "failed to render reasonably effective assistance under prevailing professional norms"; and (2) "the deficient performance prejudiced the applicant[ ]." *Porter v. State*, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693). In finding Richardson made both showings, the PCR court stated, "Given the Supreme Court's decision in *Thomas*, it is clear that [Richardson] possessed a potentially meritorious issue for appeal." The PCR court explained, "*Thomas* stands for the proposition that a sentence can be suspended unless the statute contains limiting language prohibiting suspension of the sentence."

In *Thomas*, the supreme court held a trial court has the authority to suspend a minimum sentence when the statute

under which the defendant was convicted contains no provision prohibiting suspension of the sentence. 372 S.C. at 468, 642 S.E.2d at 725. The supreme court explained the power to suspend a sentence derives from South Carolina Code section 24–21–410 (2007), which empowers the trial court to suspend a sentence when the crime is not "punishable by death or life imprisonment." 372 S.C. at 468, 642 S.E.2d at 725. The supreme court found that while "[t]his power does not extend to offenses where the legislature has specifically mandated that no part of a sentence may be suspended," 372 S.C. at 468, 642 S.E.2d at 725, "the omission of any such provision in [a statute] indicates the legislature did not intend to limit the general authority to suspend sentences." 372 S.C. at 469, 642 S.E.2d at 725.

We find the PCR court's reliance on *Thomas* was misplaced because homicide by child abuse under subsection 16–3–85(A)(1) carries a maximum penalty of life imprisonment. *See* § 16–3–85(C)(1). In *State v. Jacobs*, 393 S.C. 584, 713 S.E.2d 621 (2011), the supreme court faced a similar situation. The defendant there pled guilty to first-degree burglary, 393 S.C. at 586, 713 S.E.2d at 622, which carries a minimum sentence of fifteen years but is punishable by life in prison. S.C.Code Ann. § 16–11–311(B) (2003). The supreme court held "the sentence for a conviction of first degree burglary falls square-ly within the exception provided in section 24–21–410 because first degree burglary is a felony 'punishable by life imprison-ment.' " 393 S.C. at 588, 713 S.E.2d at 623 (quoting § 16–11–311(B)). The court found "[t]he holding in *Thomas* has no bearing on this case" because the crime committed in *Thomas* "was not punishable by death or life imprisonment, and there-fore, did not fall within the exception of section 24–21–410." *Id.* Thus, the *Jacobs* court held a trial court may not suspend a minimum sentence for a crime punishable by death or life in prison, even when the statute does not expressly prohibit suspension. 393 S.C. at 588–89, 713 S.E.2d at 623–24.

In this case, Richardson pled guilty to homicide by child abuse under subsection 16–3–85(A)(1). The sentence for a person convicted pursuant to that subsection is found in section 16–3–85(C)(1), which provides a person "may be im-prisoned for life but not less than a term of twenty years." Although the homicide by child abuse statute does not specifi-

cally prohibit suspension of a sentence, it falls within the exception provided in section 24–21–410 because the crime is punishable by life imprisonment. Thus, under *Jacobs*, the PCR court's finding that Richardson was entitled to PCR because she "possessed a potentially meritorious issue for appeal" was controlled by an error of law.

Richardson argues, however, that *Jacobs* does not apply to the facts of this case because her plea counsel did not request probation to follow the suspended sentence. She argues the *Jacobs* court's interpretation of section 24–21–410 is inapplicable unless the sentencing court is considering probation, because the statute states the "court ... may suspend the imposition or the execution of a sentence *and* place the defendant on probation." (emphasis added). She contends the defendant in *Jacobs* asked the trial court to suspend the minimum sentence and place him on probation, 393 S.C. at 586, 713 S.E.2d at 622, and points out Richardson's plea counsel did not mention probation in his sentencing request but only asked the court to impose "the minimum [sentence] of twenty years ... [and] suspend the twenty-year [sentence] and give her ... a ten year sentence." Richardson argues this distinguishing fact renders *Jacobs* inapplicable because the court in *Jacobs* restricted the court's power to suspend a sentence under section 24–21–410 only when the defendant requests probation to follow the active portion of the sentence.

Richardson's interpretation of *Jacobs* depends on the premise that section 24–21–410 acts as a limitation on a trial court's power to suspend sentences, such that the limitations apply only when the court "place[s] the defendant on probation" after suspending a sentence. Based on this premise, she argues that when the trial court is not considering probation, *Jacobs* imposes no limitations on a trial court's power to suspend a sentence, even when the sentencing statute provides a maximum of life in prison. The supreme court refuted Richardson's premise in *Moore v. Patterson*, 203 S.C. 90, 26 S.E.2d 319 (1943), by holding that trial courts lack the inherent power to suspend sentences, and thus the General Assembly must confer such power onto the courts. *See* 203 S.C. at 93–94, 26 S.E.2d at 320–21 ("It is clear that trial Judges had no general and unlimited power at common law to suspend sentences, but such authority may be conferred upon them by

the General Assembly."); *see also Jacobs,* 393 S.C. at 587, 713 S.E.2d at 623 ("A circuit court's authority to suspend a sentence and impose probation derives solely from section 24–21–410. . . ."); *Thomas,* 372 S.C. at 468, 642 S.E.2d at 725 ("The general power to suspend sentences derives from [section] 24–21–410[ ]."). The question in *Moore* was whether "a Circuit Judge [has the power to] impose a sentence of imprisonment . . . and provide in it that after the defendant shall have served a part of the time he be placed on probation for the remainder of the term." 203 S.C. at 93, 26 S.E.2d at 320. The court explained that in 1911 the General Assembly granted courts the power to suspend sentences for misdemeanor crimes, and in 1941 enacted the predecessor statute to section 24–21–410—S.C.Code Ann. § 1038–1 (1942)—that "extend[ed] the power to suspend sentences" for felony crimes. 203 S.C. at 94–95, 26 S.E.2d at 321. To answer the question before it, the court interpreted the language of the statute and concluded the statute "is . . . intended to give [circuit judges] the right" to impose a split sentence. 203 S.C. at 95, 26 S.E.2d at 321. In other words, the *Moore* court interpreted the predecessor to section 24–21–410 contrary to Richardson's premise—as granting a court's power to suspend sentences, with exceptions to that grant of power, instead of as a limitation on an inherent power to suspend sentences.[1] *See* 203 S.C. at 94–96, 26 S.E.2d at 321.

Under *Moore,* a trial court has no power to suspend a sentence unless that power has been granted to it by the General Assembly. 203 S.C. at 95, 26 S.E.2d at 321. Richardson points to no such grant of power except section 24–21–410, which by its own terms does not apply to "any offense . . . punishable by death or life imprisonment." Under *Jacobs, Moore,* and the plain language of section 24–21–410,[2] the trial court in this case had no power to suspend Richardson's sentence. Therefore, Richardson's appellate counsel correctly advised her that *no meritorious issues existed for appeal,* as

---

1. The language of section 1038–1 is nearly identical to the current language contained in section 24–21–410.

2. "As the language of section 24–21–410 is *unambiguous,* we are confined to interpret its plain meaning." *Jacobs,* 393 S.C. at 589, 713 S.E.2d at 623–24 (emphasis added).

there was no possibility this court would have ordered a new sentencing hearing.

## III.   Conclusion

The PCR court erred in granting Richardson a new sentencing hearing, and the order is **REVERSED.**

SHORT and LOCKEMY, JJ., concur.