**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Sheldon Lamar Kelly, Appellant.

Appellate Case No. 2014-000918

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-372
Submitted July 1, 2015 – Filed July 29, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011) ("In

criminal cases, the appellate court sits to review errors of law only. A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . ." (internal citation and quotation marks omitted)); S.C. Code Ann. § 17-25-45(A)(1)(a) (2014) (providing except where the death penalty is imposed, "upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has . . . one or more prior convictions for . . . a most serious offense"); S.C. Code Ann. § 17-25-45(C)(1) (2014) (classifying voluntary manslaughter and kidnapping as "most serious" offenses); *State v. Standard*, 351 S.C. 199, 206, 569 S.E.2d 325, 329 (2002) ("[A]n enhanced sentence based upon a prior most serious conviction for a crime which was committed as a juvenile does not offend evolving standards of decency so as to constitute cruel and unusual punishment." (emphasis omitted)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.