**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James Eddie Bailey, Appellant.

Appellate Case No. 2014-002447

———————

Appeal From Greenville County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-278
Submitted March 1, 2016 – Filed June 8, 2016

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susannah Rawl Cole, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Nesbitt*, 411 S.C. 194, 199, 768 S.E.2d 67, 70 (2015) ("In criminal cases, the appellate court sits to review errors of law only." (quoting *State*

*v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011))); *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); Rule 20(a), SCRCrimP ("All requests for legal instructions to the jury shall be submitted at the close of the evidence, or at such earlier time as the trial [court] shall reasonably direct."); Rule 20(b), SCRCrimP ("[T]he parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. . . . Failure to object in accordance with this rule shall constitute a waiver of objection.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.