**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard McFadden, #199135, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-000431

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2017-UP-054
Submitted December 1, 2016 – Filed January 25, 2017

**AFFIRMED**

Bernard McFadden, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:**  Bernard McFadden appeals the Administrative Law Court's (the ALC's) order dismissing his inmate grievance, alleging the South Carolina Department of Corrections (SCDC) failed to apply jail time credits to his sentence for his 1995 convictions and miscalculated his projected max-out date.  On appeal, McFadden argues the ALC erred by (1) finding the issue moot and (2) finding it

lacked jurisdiction to decide whether SCDC miscalculated his 1995 sentence. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. The ALC did not err in finding the issue of whether McFadden was entitled to credit for time served on his 1995 convictions moot because McFadden was released on August 31, 2007. *See Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [any] existing controversy. This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief."); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *Nelson v. Ozmint*, 390 S.C. 432, 434, 702 S.E.2d 369, 370 (2010) ("[P]etitioner was released from SCDC . . . making his underlying claim moot.").

2. The ALC did not err in finding it lacked jurisdiction to consider any collateral attack on McFadden's 2010 conviction and sentence. *See* S.C. Code Ann § 1-23-610(B) (Supp. 2016) (allowing an appellate court to reverse or remand the ALC's decision if its findings are affected by error of law or are characterized by abuse of discretion); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate whe[n] the inmate's grievance does not implicate a state-created liberty or property interest."); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003) (stating the only way the ALC can obtain subject matter jurisdiction over an inmate's grievance claim is when the grievance "implicates a [state-created] liberty interest sufficient to trigger procedural due process guarantees"); *Al-Shabazz v. State*, 338 S.C. 354, 367, 527 S.E.2d 742, 749 (2000) (finding PCR is the proper avenue of relief when the applicant mounts a collateral attack challenging the validity of his sentence or conviction).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.