**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

McKenzie L. Davis, Appellant.

Appellate Case No. 2014-001550

———————————

Appeal From Allendale County
J. Ernest Kinard, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-200
Heard February 15, 2017 – Filed May 11, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————————

**PER CURIAM:** McKenzie L. Davis was indicted for felony driving under the influence resulting in death, felony driving under the influence resulting in great bodily injury, child endangerment, and driving under suspension (DUS).

Following a trial in July 2014, Appellant was found guilty of driving under the influence second offense and DUS.  On appeal, Davis contends the trial court erred in denying his motion to suppress his blood alcohol analysis result (1) because the arresting officer had no probable cause to arrest him for felony driving under the influence and (2) because the officer was required to obtain a search warrant before taking his blood.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Appellant's argument that the trooper lacked probable cause to believe he was driving the vehicle, this issue is not preserved for our review.  *State v. Adams*, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003) ("Arguments not raised to or ruled upon by the trial court are not preserved for appellate review.").
As to Davis's argument that the trial judge erred in denying his motion to suppress his blood alcohol analysis result because the arresting officer had no probable cause to arrest him for Felony DUI, we affirm.  *State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011) (noting in criminal cases, the appellate court only reviews errors of law);  *State v. Winkler*, 388 S.C. 574, 583, 698 S.E.2d 596, 601 (2010) (noting the admission or exclusion of evidence is within the discretion of the trial court and its decision will not be disturbed on appeal absent an abuse of discretion);  *State v. Baccus*, 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006) ("Probable cause for a warrantless arrest exists when the circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime had been committed by the person being arrested.");  *Baccus* at 49, 625 S.E.2d at 220 ("Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer's disposal.");  *State v. Roper*, 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979) (noting in determining whether probable cause exists, "all the evidence within the arresting officer's knowledge may be considered, including the details observed while responding to information received");  S.C. Code Ann. § 56-5-2946(A) (Supp. 2016) (stating a person must submit to chemical tests of his blood for the purpose of determining the presence of alcohol if there is probable cause to believe that the person violated Section 56-5-2945).

2.  As to Appellant's argument that his Fourth Amendment rights were violated by Trooper Gates ordering a blood draw without a warrant because there were no exigent circumstances to justify a warrantless seizure of his blood, we affirm. *Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013) ("[A] warrantless search of the person is reasonable only if it falls within a recognized exception.");  *Kentucky v. King*, 563 U.S. 452, 452 (2011) ("The exception relevant to our analysis applies when the exigencies of the situation make the needs of law enforcement so

compelling that a warrantless search is objectively reasonable under the Fourth Amendment."); *McNeely* at 1556 ("[T]he natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases. . . .[E]xigency in this context must be determined case by case based on the totality of the circumstances."); *Schmerber v. California*, 384 U.S. 757,770 (1966) (stating officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened the destruction of evidence"); *McNeely* at 1560 ("Thus, our analysis in *Schmerber* fits comfortably within our case law applying the exigent circumstances exception. In finding the warrantless blood test reasonable in *Schmerber,* we considered all of the facts and circumstances of the particular case and carefully based our holding on those specific facts.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**