**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Bagley, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2019-002102

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-294
Submitted April 1, 2022 – Filed July 13, 2022
Withdrawn, Substituted, and Refiled November 23, 2022

---

**AFFIRMED IN PART, REVERSED IN PART**

---

Bernard Bagley, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Bernard Bagley appeals an order of the administrative law court (ALC) affirming an order of the parole board of the South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) denying him parole. On

appeal, Bagley argues the ALC erred by dismissing his appeal as a routine denial of parole because (1) the parole board did not follow the proper procedure in denying him parole, (2) the parole board improperly based its denial on three immutable criteria, (3) the parole board did not timely review his request for parole, (4) the ALC improperly determined it lacked jurisdiction to consider his "remaining twenty-five issues," (5) the parole board did not find he was more likely than not to pose a threat to society, the victim's family, or himself, and (6) the parole board improperly declined to consider his mitigating evidence.  We affirm in part and reverse in part.

1.  We find substantial evidence supports the ALC's finding that the parole board implemented the proper procedure when it declined to grant Bagley parole.  *See Risher v. S.C. Dep't of Health & Env't Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) (defining "substantial evidence" as "evidence from which reasonable minds could reach the same conclusion" as the ALC); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating the parole board's procedure for denying parole constitutes a "routine denial of parole" if the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (2007)] and the . . . factors published in [Department Form 1212]").

2.  We find substantial evidence does not support the ALC's finding that whether the parole board failed to timely review Bagley's case for a parole determination was moot and not properly before it.  *See Risher*, 393 S.C. at 204, 712 S.E.2d at 431 ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Sanders*, 379 S.C. at 417, 665 S.E.2d at 234 (defining "substantial evidence" as "evidence from which reasonable minds could reach the same conclusion" as the ALC).  Rather, we find the untimeliness of Bagley's parole review hearings is an issue capable of repetition, yet evading review because the parole board will have reviewed Bagley's case for a parole determination before the untimeliness issue can be reviewed.  *See Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review."); *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (taking jurisdiction, despite mootness, because the issue raised was capable of repetition but evading review); *Nelson v. Ozmint*, 390 S.C. 432, 434-35, 702 S.E.2d 369, 370 (2010) ("We find this issue is one that is capable of repetition, yet will usually evade

review because most inmates will have served the year required by SCDC's interpretation of the statute before the lawfulness of the interpretation can be reviewed."). Here, the parole board has repeatedly failed to comply with the mandatory language of section 24-21-650 of the South Carolina Code (Supp. 2022) by failing to review Bagley's case for a parole determination every two years. *See* § 24-21-650 ("[P]risoners in confinement for a violent crime . . . must have their cases reviewed every two years for the purpose of a determination of parole."); S.C. Code Ann. § 16-1-60 (2015 & Supp. 2022) ("[A] violent crime includes the offense[] of[] murder . . . ."). Thus, we order the parole board to review Bagley's case no later than two years after the date of the most recent review.

3. The record on appeal is insufficient for this court to decide whether the ALC erred by finding it lacked jurisdiction to consider Bagley's "remaining twenty-five issues." *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2022) ("[R]eview of the [ALC]'s order must be confined to the record."); *Al-Shabazz v. State*, 338 S.C. 354, 379, 527 S.E.2d 742, 755 (2000) ("[The record on appeal] must include all that is necessary to enable the [appellate] court to decide whether the AL[C] made an erroneous or unsubstantiated ruling."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the "[a]ppellant ha[s] the burden of providing a sufficient record"); *Braxton v. S.C. Dep't of Corr.*, 430 S.C. 637, 648, 846 S.E.2d 383, 388 (Ct. App. 2020) (stating this court will affirm an issue raised by the appellant when the record on appeal is insufficient for appellate review); *id.* (finding the record on appeal was insufficient for appellate review because it did not include the appellant's final brief to the ALC).

4. We decline to decide Bagley's remaining issues because they are not preserved for review by this court. *See Al-Shabazz*, 338 S.C. at 379, 527 S.E.2d at 755 ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review."); *State v. Franks*, 432 S.C. 58, 79, 849 S.E.2d 580, 591 (Ct. App. 2020) ("Generally, this [c]ourt will not consider issues not raised to or ruled upon by the trial [court]." (quoting *State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991))).

**AFFIRMED IN PART AND REVERSED IN PART.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.