**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Eugene Carpenter, #181783, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-001601

---

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

---

Unpublished Opinion No. 2025-UP-092
Submitted February 1, 2025 – Filed March 19, 2025

---

**AFFIRMED**

---

Desa Ballard, Harvey M. Watson, III, and Haley Alyse Hubbard, all of Ballard & Watson, Attorneys at Law, of West Columbia, all for Appellant.

Teresa S. Player, of South Carolina Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Charles Eugene Carpenter appeals an order of the Administrative Law Court (ALC) that summarily dismissed his appeal of the South Carolina Department of Corrections' (SCDC's) decision to revoke his earned good-time and work credits, found his argument that he was denied procedural due process to be

moot, and upheld the final decision regarding the calculation of his sentence. On appeal, Carpenter argues the ALC erred by (1) failing to recognize Carpenter's state-created liberty interest in the good-time and work credits, (2) deciding his due process rights were honored, and (3) concluding he failed to establish an equal protection violation. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the ALC did not err in dismissing Carpenter's argument that he had a state-created liberty interest in the good-time and work credits awarded by SCDC.[1] *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Olson v. S.C. Dep't of Health & Env't Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) (holding an appellate court should affirm the ALC's order if it finds substantial evidence in the record to support the ALC's findings). The ALC found Carpenter did not have a protected state-created liberty interest in the good-time and work credits because he was serving mandatory minimum sentences for which any earned credits could not be applied to reduce his sentences. We agree the credits have no value because Carpenter received two mandatory minimum sentences of twenty-five years' imprisonment and does not have any time to serve beyond his mandatory minimum sentence; thus, he could not apply his credits to any of his sentences. *See* S.C. Code Ann. § 44-53-370(e)(1)(d) (Supp. 1989) (stating a person convicted of trafficking marijuana shall receive "a term of imprisonment of not less than twenty-five years nor more than thirty years with a mandatory minimum term of imprisonment of twenty-five years"); S.C. Code Ann. § 44-53-370(e)(2)(e) (Supp. 1989) (indicating a person convicted of trafficking cocaine to "a term of imprisonment of not less than twenty-five years nor more than thirty years with a mandatory minimum term of imprisonment of twenty-five years"); *Nelson v. Ozmint*, 390 S.C. 432, 436-37, 702 S.E.2d 369, 371 (2010) (interpreting a statute that required a mandatory minimum term of imprisonment but was silent about eligibility for early release based on credits to mean inmates convicted under that section were "ineligible to receive good time and earned work credits to reduce the time they are required to serve below the mandatory minimum").

2. We hold the ALC properly dismissed Carpenter's due process claims because although SCDC did not comply with minimum due process requirements, the error

---

[1] The ALC characterized its final order as one granting summary dismissal; however, we note this was a mischaracterization because the ALC considered the merits of Carpenter's argument.

was cured by the ALC's subsequent review.  *See Major*, 384 S.C. at 464, 682 S.E.2d at 799 ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Olson*, 379 S.C. at 63, 663 S.E.2d at 501 (holding an appellate court should affirm the ALC's order if it finds substantial evidence in the record to support the ALC's findings); *Tant v. S.C. Dep't of Corr.*, 408 S.C. 334, 341, 759 S.E.2d 398, 401 (2014) ("Determining whether an individual has been denied due process requires an inquiry into whether the interest involved can be defined as liberty or property within the meaning of the Due Process Clause, and if so, what process is due under those circumstances."); *id.* at 342, 759 S.E.2d at 401 (holding when SCDC "alters an inmate's sentence in its records, it must give the inmate formal notice of the change and advise him of his right to file a grievance and obtain a hearing"); *Unisys Corp. v. S.C. Budget & Control Bd. Div. of Gen. Servs. Info. Tech. Mgmt. Off.*, 346 S.C. 158, 174, 551 S.E.2d 263, 272 (2001) ("An adequate *de novo* review renders harmless a procedural due process violation based on the insufficiency of the lower administrative body.").

3.  We conclude the ALC did not err in affirming SCDC's removal of Carpenter's good-time and work credits because he failed to prove that SCDC violated the equal protection clause.  *See Major*, 384 S.C. at 464, 682 S.E.2d at 799 ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Olson*, 379 S.C. at 63, 663 S.E.2d at 501 (holding an appellate court should affirm the ALC's order if it finds substantial evidence in the record to support the ALC's findings).  First, the rational basis test applies because Carpenter admitted he did not belong to a suspect class.  *See In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 147, 568 S.E.2d 338, 351 (2002) (holding the rational basis test applies to equal protection claims that do not involve a suspect classification).  Second, we hold that SCDC's actions were reasonable because Carpenter did not have a protected state-created liberty interest in the credits, and SCDC removed them to comply with his mandatory minimum sentences imposed by the trial court.  *See Luckabaugh*, 351 S.C. at 149, 568 S.E.2d at 351 ("A classification does not violate the equal protection clause if: (1) the classification bears a reasonable relation to the legislative purpose sought to be effected; (2) the members of the class are treated alike under similar circumstances and conditions; and (3) the classification rests on some reasonable basis."); *Curtis v. State*, 345 S.C. 557, 574, 549 S.E.2d 591, 600 (2001) ("The determination of whether a classification is reasonable is initially one for the legislative body and will be sustained if it is not plainly arbitrary and there is a reasonable hypothesis to support it.").  As to Carpenter's argument that the ALC erred in finding that SCDC would have treated his accomplice—who had

been released from SCDC before it removed the credits from Carpenter's sentence—the same, we hold SCDC's audit results which showed it treated three other inmates similarly situated to Carpenter by updating their sentence to "mandatory minimum" supported the ALC's findings.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.